IN THE CIRCUIT COURT FOR Baltimore City
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant:* You must file an Information Report as required by Rule 2-323(h).

*THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING*

**FORM FILED BY:** ☒PLAINTIFF ☐DEFENDANT   CASE NUMBER _____
(Clerk to insert)

**CASE NAME:** Doris Hunter, et al.                vs.   Corizon Health, Inc., et al.
Plaintiff                                         Defendant

**PARTY'S NAME:** Doris Hunter                    PHONE: 410-859-8637

**PARTY'S ADDRESS:** 129 Chesapeake Mobile Court, Hanover, MD 21076

**PARTY'S E-MAIL:** _____

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** Carlos G. Stecco        PHONE: 410-842-6176

**PARTY'S ATTORNEY'S ADDRESS:** 102 W. Pennsylvania Ave, #300, Towson, MD 21204

**PARTY'S ATTORNEY'S E-MAIL:** cgs@medlegalteam.com

**JURY DEMAND?** ☒Yes ☐No

**RELATED CASE PENDING?** ☐Yes ☒No  If yes, Case #(s), if known: _____

**ANTICIPATED LENGTH OF TRIAL?:** _____ hours  10 days

### PLEADING TYPE

**New Case:** ☒Original   ☐Administrative Appeal   ☐Appeal
**Existing Case:** ☐Post-Judgment   ☐Amendment
*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY *(Check one box.)*

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt: _____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☒ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

EXHIBIT 2

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Liability | ☐ Specific Performance |
| ☐ Arbitration | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Condemn Bldg | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☐ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |
| ☒ Damages-Punitive | ☐ Judgment-Default | ☐ Reinstatement of Employment | |

*If you indicated Liability above,* mark one of the following. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.  ☐ Liability is not conceded, but is not seriously in dispute. ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000        ☐ $10,000 - $30,000        ☐ $30,000 - $100,000        ☒ Over $100,000

☐ Medical Bills $_____        ☐ Wage Loss $_____        ☐ Property Damages $_____

### ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

| | | | | | | |
|---|---|---|---|---|---|---|
| A. Mediation | ☒Yes | ☐No | | C. Settlement Conference | ☒Yes | ☐No |
| B. Arbitration | ☐Yes | ☐No | | D. Neutral Evaluation | ☐Yes | ☐No |

### SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

### ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*          *(Case will be tracked accordingly)*

☐ 1/2 day of trial or less          ☐ 3 days of trial time

☐ 1 day of trial time          ☐ More than 3 days of trial time

☐ 2 days of trial time

### BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited**- Trial within 7 months of          ☐ **Standard** - Trial within 18 months of
Defendant's response          Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

❏ **Expedited** - Trial within 7 months of Defendant's response     ❏ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

☐ Expedited — Trial 60 to 120 days from notice. Non-jury matters.

☐ Civil-Short — Trial 210 days from first answer.

☒ Civil-Standard — Trial 360 days from first answer.

☐ Custom — Scheduling order entered by individual judge.

☐ Asbestos — Special scheduling order.

☐ Lead Paint — Fill in: Birth Date of youngest plaintiff ..................................... .

☐ Tax Sale Foreclosures — Special scheduling order.

☐ Mortgage Foreclosures — No scheduling order.

### CIRCUIT COURT FOR BALTIMORE COUNTY

☐ **Expedited** (Trial Date-90 days) — Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus.

☐ **Standard** (Trial Date-240 days) — Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases.

☐ **Extended Standard** (Trial Date-345 days) — Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency.

☐ **Complex** (Trial Date-450 days) — Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases.

7/12/22
............................................
Date

102 W. Pennsylvania Avenue, Suite 300
............................................
Address

Towson ............ MD ...... 21204
City ............ State ... Zip Code

............................................
Signature of Counsel / Party

Carlos G. Stecco
............................................
Printed Name

DORIS HUNTER, Individually          *       IN THE
and as Personal Representative
of the Estate of Daniel Howard              CIRCUIT COURT FOR
129 Chesapeake Mobile Court         *
Hanover, MD 21076                           BALTIMORE CITY
                                    *
and                                         MARYLAND
                                    *
ERIKA DOCKERY, as Parent and Next
Friend of Hunter Howard             *       CASE NO:
9728 Eustice Road
Randallstown, MD 21133              *

and                                 *

WAYNE HOWARD                        *
26 Whites Road
Severna Park, MD 21146              *

        Plaintiffs                  *

v.                                  *

CORIZON HEALTH, INC.                *
Two Penns Way, Suite 200
New Castle, DE 19720                *
        SERVE ON RESIDENT AGENT:
        The Corporation Trust, Inc. *
        2405 York Road, Suite 201
        Lutherville-Timonium, MD   21093  *

and                                 *

MARYLAND DEPARTMENT OF PUBLIC       *
SAFETY AND CORRECTIONAL SERVICES
6776 Reisterstown Road, Suite 102   *
Baltimore, MD 21215
                                    *
and                                 *

STEVEN T. MOYER, SECRETARY OF THE   *
MARYLAND DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONAL SERVICES    *
6776 Reisterstown Road, Suite 102   *
Baltimore, MD 21215
                                    *

1

and

WILLIAM G. STEWART, DEPUTY                    *
SECRETARY OF THE MARYLAND
DEPARTMENT OF PUBLIC SAFETY                   *
AND CORRECTIONAL SERVICES
6776 Reisterstown Road, Suite 102             *
Baltimore, MD 21215
                                              *

and
                                              *

YONAS SISAY, M.D.
7803 House of Correction Road                 *
Jessup, Maryland 20794
                                              *

and
                                              *

YETUNDE ROTIMI, MSN, FNP-BC
12909 5ᵗʰ Street                              *
Bowie, Maryland 20720
                                              *

    Defendants.
 . *      *      *      *      *      *      * *      *      *      *      *      *      *

## COMPLAINT

Plaintiffs, Doris Hunter, Individually and as Personal Representative of the Estate of Daniel

Howard, Erika Dockery, as Parent and Next Friend of Hunter Howard, and Wayne Howard,

individually, by and through their attorneys, Carlos G. Stecco and Samuel Shapiro, pursuant to the

Health Care Malpractice Claims Act, Md. Code Ann., Cts. & Jud. Proc., § 3-2A-01, *et seq.* (1976,

2006 Repl. Vol.), hereby sue Defendants, Corizon Health, Inc., the Maryland Department of Public

Safety and Correctional Services, Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC

(hereinafter, collectively, "Defendants"), and Defendants Steven T. Moyer and William G.

Stewart.

## JURISDICTION/VENUE

.   1.    This action was brought before the Health Care Alternative Dispute Resolution

Office of Maryland, HCA No. 2022-196 pursuant to Md. Code Ann., Cts. & Jud. Proc., § 3-2A-

2

01, et. seq. Plaintiffs' Statement of Claim and Certificates of Qualified Expert are attached hereto as Exhibit 1. Plaintiffs filed an Election to Waive Arbitration and an Order of Transfer to this Court was subsequently granted, and is attached hereto as Exhibit 2.

2.      The amount in controversy exceeds Thirty Thousand Dollars ($30,000.00), exclusive of interests and costs.

3.      The proper venue for this action is Baltimore City, Maryland.

## PARTIES

4.      The Decedent, Daniel Howard ("Mr. Howard" or "Decedent"), was a 32-year-old male inmate incarcerated at the Maryland Correctional Institution located at 7803 House of Correction Road, Jessup, Maryland 20794 ("MCI—Jessup") at the time of the occurrence complained of herein and at the time of his death.

5.      Plaintiff Doris Hunter ("Plaintiff and/or "Ms. Hunter") is a natural person and a resident of Maryland, at 129 Chesapeake Mobile Court, Hanover, Maryland 21076. Doris Hunter brings this action as a surviving parent of Daniel Howard and as Personal Representative of the Estate of Daniel Howard. Doris Hunter was appointed as Successor Personal Representative of the Estate of Daniel Howard by the Register of Wills of Anne Arundel County, Maryland. The Letters of Administration and Order of Successor Personal Representative are attached hereto as Exhibit 3.

6.      Ericka Dockery is a natural person and a resident of Maryland at 9728 Eustice Road, Randallstown, Maryland 21133. Ericka Dockery brings this action as Parent and Next Friend of Hunter Howard, surviving minor child of Daniel Howard.

7.      Wayne Howard is a natural person and a resident of Maryland, at 26 Whites Road, Severna Park, Maryland 21146. Wayne Howard is a surviving parent of Daniel Howard.

8.     Defendant Corizon Health, Inc. ("Corizon Health" or "Corizon") is an entity licensed and duly organized and existing under the laws of Maryland, providing health care and hospital services including, but not limited to, nursing and internal medicine, to members of the inmate population at 7803 House of Correction Road, Jessup, Maryland 20794 at all times relevant to the events alleged herein.

9.     Defendant Maryland Department of Public Safety and Correctional Services ("Maryland Correctional Services" or "DPSCS") is an agency of the Maryland state government and operates state correctional facilities throughout Maryland, including the provision of health care and hospital services including, but not limited to, nursing and internal medicine, to members of the inmate population at 7803 House of Correction Road, Jessup, Maryland 20794, at all times relevant to the events alleged herein.

10.     Defendant Steven T. Moyer was the Secretary of the Maryland Department of Public Safety and Correctional Services at all times relevant to the events alleged herein. As such, he had direct responsibility for the operation of MCI—Jessup, including all policies, practices and procedures affecting inmates confined at MCI—Jessup, its medical unit and its segregation unit. He is sued in his individual and official capacities.

11.     Defendant William G. Stewart was the Deputy Secretary of the Maryland Department of Public Safety and Correctional Services at all times relevant to the events alleged herein. As such, he had direct responsibility for the operation of MCI—Jessup, including all policies, practices and procedures affecting inmates confined at MCI—Jessup, its medical unit and its segregation unit. He is sued in his individual and official capacities.

12.     Defendant, Yonas Sisay, M.D. ("Dr. Sisay"), is a physician licensed in the State of Maryland and provided health care services to members of the inmate population at 7803 House

4

of Correction Road, Jessup, Maryland 20794, at all times relevant to the events alleged herein. At all times while Mr. Howard was under Dr. Sisay's care, Dr. Sisay was acting within the scope of his employment and as an agent for Defendant, Corizon Health, Inc.

13.     Defendant Yetunde Rotimi, MSN, FNP-BC ("Nurse Practitioner Rotimi"), is a nurse practitioner licensed in the State of Maryland and provided health care services to members of the inmate population at 7803 House of Correction Road, Jessup, Maryland 20794, at all times relevant to the events alleged herein. At all times while Mr. Howard was under Nurse Practitioner Rotimi's care, Nurse Practitioner Rotimi was acting within the scope of her employment and as an agent for Defendant, Corizon Health, Inc.

14.     At all times relevant to the facts alleged herein, Defendants Corizon Health, Inc, the Maryland Department of Public Safety and Correctional Services, Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC., themselves and through their actual and/or apparent agents, nurses, residents, independent contractors, servants and/or employees, represented to the Decedent and the inmate population at the Maryland Correctional Institution at Jessup that they possessed the degree of knowledge, ability and skill possessed by reasonably competent medical providers practicing under similar circumstances as those involved in the care of Decedent.

15.     Defendants were agents, servants and/or employees of the Maryland Department of Public Safety and Correctional Services by contract executed by Corizon Health, Inc. and the State of Maryland, at all times relevant to the events alleged herein.

## FACTS COMMON TO ALL COUNTS

16.     The Plaintiffs incorporate in this Count those facts set forth in Paragraphs 1 through 15 hereinabove, including subparagraph, by reference thereto, as if fully set forth herein.

5

17.     At the time of his death, Daniel Howard was an unmarried 32-year-old male with one minor child.

18.     Health care services at the correctional facility were provided by Corizon Health, Inc.

19.     While an inmate at the Maryland Correctional Institution at Jessup, Daniel Howard submitted a written request on or about January 6, 2019 to be seen by a health care provider for complaints of pain that he had been experiencing since January 1, 2019. Mr. Howard was prescribed Ibuprofen by Yonas Sisay, M.D. on or about January 7, 2019 for headaches. There was no physical examination or diagnostic testing.

20.     On or about March 6, 2019, Mr. Howard again complained of headaches. In a blatant act of deliberate indifference, Dr. Sisay merely prescribed another supply of Ibuprofen and failed to perform a physical examination and also failed to order any diagnostic testing.

21.     On or about May 6, 2019, Mr. Howard submitted a written request to be seen by a health care provider for complaints of headaches. In a blatant act of deliberate indifference, the named Defendants failed to respond to Mr. Howard's request for over two weeks until he was finally examined on or about May 22, 2019.

22.     On or about May 22, 2019, Mr. Howard was finally examined by a health care provider, Nurse Practitioner Yetunde Rotimi, for his continued complaints of headaches. In a blatant act of deliberate indifference, Nurse Practitioner Rotimi merely prescribed another supply of Ibuprofen and failed to order any diagnostic testing.

23.     On or about May 25, 2019 at approximately 1845 hours, Mr. Howard was noted to be in an "impaired" state and complained of a headache. Mr. Howard was escorted to the prison hospital at 1900 hours where he was evaluated by Amadu S. Sesay, R.N.

6

24. He was evaluated by Nurse Sesay and observed for an hour, sitting up. He was noted to have fallen asleep. At 2030 hours, Mr. Howard attempted to walk, but collapsed and became unresponsive. He was given 2 doses of Narcan without improvement. He was then emergently transported to Howard County General Hospital by ambulance.

25. Mr. Howard had a Glasgow Coma Scale of 3 on arrival at Howard County General Hospital.

26. Mr. Howard was intubated and underwent a head CT scan which showed a hemorrhagic cyst arising from the right basal ganglia compressing 3 of the 4 ventricles and cisterns of the brain, as well as herniation of the brain.

27. A multitude of tests were done that ruled out any reversible causes of his moribund state such as infection, clotting disorders, electrolyte or glucose disorders. Neurosurgery was consulted and determined surgical intervention would not improve his very poor prognosis

28. He was transferred to the ICU where he remained on a ventilator without any change in his moribund neurologic state through May 30, 2019.

29. A complete neurological assessment of brain function was consistent with brain death and Mr. Howard died on May 30, 2019 at 1643 hours.

30. The autopsy report confirmed cause of death was massive intracranial hemorrhage (bleeding into and around the brain). The cause of the hemorrhage was possibly due to a tumor.

31. The deliberate indifference that the named Defendants showed to Mr. Howard's serious medical condition - repeatedly failing to exam and/or order diagnostic testing in the face of continued and/or worsening neurologic signs/symptoms is consistent with Corizon's policy and continuing practice of denying Mr. Howard, and similarly situated inmates, their medically

necessary treatment. The structure of Corizon's medical services contracts provided, and continues to provide, financial motivation to limit and/or provide appropriate medical care.

32.     In December 2018, DPSCS signed the Corizon Medical Services Contract whereby Corizon agreed to staff and operate medical facilities located within DPSCS prisons.

33.     The Corizon Medical Services Contracts contains numerous provisions that provide a disincentive to Corizon from providing medically necessary services crucial to treat serious conditions like those Mr. Howard suffered.

34.     These financial disincentives drove Corizon, and continue to drive Corizon, to enforce an intentional "conservative" policy of deliberate indifference towards inmates with medical conditions like Mr. Howard's, all for the sake of saving money. Mr. Howard's case demonstrates the effect of these policies - a pattern and practice of grossly inadequate care that reflects deliberate indifference to an inmate's serious medical needs.

## COUNT I
### (MEDICAL NEGLIGENCE—SURVIVAL CLAIM)

35.     The Plaintiffs incorporate in this Count those facts set forth in paragraphs 1 through 34, hereinabove, including subparagraphs, by reference thereto, as if fully set forth herein.

36.     The Estate of Daniel Howard, deceased, by Doris Hunter, Personal Representative, sues Corizon Health, Inc, the Maryland Department of Public Safety and Correctional Services, Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC, Defendants under the Survival Act, Maryland Cts. & Jud. Proc., Code §6-401(a), pursuant to the authority vested in a Personal Representative by virtue of Maryland Estates and Trusts Code §7-401(y) and alleges as follows:

37.     The Plaintiffs allege that Defendants, Corizon Health, Inc, the Maryland Department of Public Safety and Correctional Services, Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC., including their duly authorized agents and/or employees, owed to the Decedent

8

the duty to exercise reasonable care, skill and judgment expected of a competent medical practitioner acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Decedent's condition, careful diagnosis of such condition, employment of appropriate procedures, surgery and/or treatment to correct such conditions without injury upon the Decedent, continuous evaluation of the Decedent's condition and the effects of such treatment, and adjustment of the course of treatment in response to such ongoing surveillance and evaluation, all of which the Defendants failed to do.

38.     Defendants Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC., themselves and through their actual and/or apparent agents, nurses, residents, independent contractors, servants and/or employees, were negligent in their care and treatment of Daniel Howard by breaching the standard of care in the following ways:

a.     Failing to taking the precautions and actions necessary to prevent severe and permanent injuries to one of their patients, Daniel Howard;

b.     Failing to implement/provide timely interventions in an effort to diagnose and treat the Decedent's medical condition;

c.     Failing to properly and timely diagnose and treat the patient's medical condition;

d.     Failing to properly monitor and treat the patient;

e.     Failing to render care and treatment which would have prevented and/or limited the extent of Decedent's injuries;

f.     Negligently failing to timely and appropriately take all reasonable steps to prevent any injury to Daniel Howard, including, but not limited to, performing evaluations,

9

obtaining referrals, obtaining diagnostic studies, and rendering care and treatment which would have prevented the Decedent's injuries;

g.      In other ways departing from the applicable standards of care; and

h.      Defendants may have been otherwise negligent and/or additional details of negligence may surface during discovery.

39.     Defendants Corizon Health, Inc. and the Maryland Department of Public Safety and Correctional Services, themselves and through their actual and/or apparent agents, nurses, residents, independent contractors, servants and/or employees, including, but not limited to, Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC., were negligent in their care and treatment of Daniel Howard by breaching the standard of care in the following ways:

a.      Failure to adequately train and/or by permitting Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC. to provide substandard care;

b.      Permitting Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC. to provide medical care to the Decedent without sufficient training, experience and/or understanding of the anatomy involved and without taking the precautions and actions necessary to prevent severe and permanent injuries to one of its patients, Daniel Howard;

c.      Failing to implement/provide timely interventions in an effort to diagnose and treat the Decedent's medical condition;

d.      Failing to properly and timely diagnose and treat the patient's medical condition;

e.      Failing to properly monitor and treat the patient;

f.      Failing to render care and treatment which would have prevented and/or limited the extent of Decedent's injuries;

10

g.   Negligently failing to timely and appropriately take all reasonable steps to prevent any injury to Daniel Howard, including, but not limited to, performing evaluations, obtaining referrals, obtaining diagnostic studies, and rendering care and treatment which would have prevented the Decedent's injuries;

h.   In other ways departing from the applicable standards of care;

i.   Health Care Providers Corizon Health, Inc. and the Maryland Department of Public Safety and Correctional Services are also responsible for the actions of Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC. by virtue of the doctrine of *respondeat superior*;

j.   Plaintiffs also rely on *res ipsa loquitur*; and

k.   Defendants may have been otherwise negligent and/or additional details of negligence may surface during discovery.

40.   As a direct and proximate cause of the negligence on the part of the named Defendants and any actual and/or apparent agents, nurses, residents, independent contractors, servants and/or employees, Decedent Daniel Howard, through no fault of his own, died and from the time of these failures until his death, endured severe conscious pain and suffering, emotional anguish, fear, anxiety, humiliation and embarrassment. The Estate of Daniel Howard incurred costs for funeral, burial and internment expenses.

WHEREFORE, Doris Hunter, as Personal Representative of the Estate of Daniel Howard, deceased, respectfully demands judgment against these named Defendants, and Defendants, including any actual and/or apparent agents, nurses, residents, independent contractors, servants and/or employees jointly and severally, for actual, general, special, and compensatory damages, including punitive damages, as a consequence of the negligence of these named Health Care

11

Providers and Defendants in an amount exceeding Thirty Thousand Dollars ($30,000.00), exclusive of interests and costs, and any other legal or equitable relief as justice requires.

## COUNT II
### (MEDICAL NEGLIGENCE—WRONGFUL DEATH)

41.     The Plaintiffs incorporate in this Count those facts set forth in paragraphs 1 through 40, including subparagraphs, by reference thereto, as if fully set forth herein.

42.     Pursuant to Maryland Rule 15-1001, the following persons who are the surviving child and parents of Daniel Howard are entitled to recover damages for wrongful death under Courts & Judicial Proceedings § 3-904(a):

    (a)         Hunter Howard (son of decedent);

    (b)         Doris Hunter (parent of decedent);

    (c)         Wayne Howard (parent of decedent);

43.     As a direct and proximate cause of the negligence on the part of the named Defendants, including any actual and/or apparent agents, nurses, residents, independent contractors, servants and/or employees, Plaintiff Hunter Howard, surviving minor child of the Decedent, through Plaintiff Ericka Dockery, as Parent and Next Friend, has been caused to experience and will continue to experience extreme mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of parental care, loss of attention, loss of advice, loss of counsel, loss of training and loss of guidance. As a consequence of Daniel Howard's death, Hunter Howard lost his beloved father.

44.     As a direct and proximate cause of the negligence on the part of the named Defendants, including any actual and/or apparent agents, nurses, residents, independent contractors, servants and/or employees, Plaintiffs Doris Hunter and Wayne Howard, as the surviving parents of the Decedent, have been caused to experience and will continue to experience

12

extreme mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, loss of counsel and loss of guidance.   As a consequence of Daniel Howard's death, Doris Hunter and Wayne Howard lost their beloved son who was their friend in life.

WHEREFORE, as a result of the foregoing, Plaintiffs Ericka Dockery, as Parent and Next Friend of Hunter Howard, Doris Hunter and Wayne Howard, respectfully demand judgment against Defendants, Corizon Health, Inc., the Maryland Department of Public Safety and Correctional Services, Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC., Steven T. Moyer and William G. Stewart, for actual, general, special, and compensatory damages, including punitive damages, in an amount exceeding Thirty Thousand Dollars ($30,000.00), exclusive of interests and costs, and any other legal or equitable relief as justice requires.

**COUNT III**

**VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW, 42 U.S.C. § 1983
CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AND
FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION**

45.     The Plaintiffs incorporate in this Count those facts set forth in paragraphs 1 through 44, including subparagraphs, by reference thereto, as if fully set forth herein.

46.     The Eighth Amendment and protects Mr. Howard, as an inmate at MCI—Jessup, from unnecessary and wanton infliction of pain by virtue of its guarantee against cruel and unusual punishment.

47.     Mr. Howard's repeated headaches, suffered for four months (January 2019 to May 2019), constituted a serious medical condition requiring proper treatment, and the actions and/or inactions of Defendants, under color of state law, in addressing or failing to address that condition, constituted deliberate indifference which proximately caused Mr. Howard substantial and unnecessary suffering, injury, and death.

13

48.     Among other things, Defendants had actual and/or constructive knowledge that the medical staff at MCI—Jessup and/or the prison staff was denying Mr. Howard medical treatment that would have been effective in diagnosing the cause of his repeated headaches. Defendants had actual and/or constructive knowledge of the delay and/or denial of access to medically necessary medications and diagnostic testing by virtue of, among other sources, proper exercise of their official duty to be informed of and sign off on inmates' medical needs, medical visit records, medical alerts, medical staff, inmate grievances, and sick call requests. In addition, they had other manifest opportunities to be informed of the delay and/or deliberate denial of medically necessary care to Mr. Howard.

49.     Defendants further had actual and/or constructive knowledge that the medical staff at MCI—Jessup and/or the prison staff was denying Mr. Howard timely physical examinations and diagnostic testing.

50.     Despite knowledge of the seriousness of Mr. Howard's condition, Defendants, and their actual and/or apparent agents, servants, and/or employees, on numerous occasions over an excessively lengthy period failed to provide Mr. Howard with constitutionally required medical care. Defendants' failures were intentional, reckless, and/or deliberately indifferent.

51.     The Defendants provided Mr. Howard grossly deficient and deliberately indifferent medical care pursuant to policies that promote and financially encourage such deliberate indifferent care. Such indifference to the serious medical needs of not only Mr. Howard but other inmates at MCI—Jessup also demonstrates a pattern and custom of constitutionally inadequate medical care on the part of the Defendants.

52.     By subjecting Mr. Howard to gross inhumane and extreme deprivation of basic medical care, Defendants have acted with deliberate indifference and reckless disregard towards

Mr. Howard's serious health needs, thus violating his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution. In addition to Defendants' and Defendants' individual deliberate indifference to Mr. Howard's medical needs, Defendants' and Defendants' failure to adequately supervise servants and/or employees and agents violated the Eighth Amendment of the U.S. Constitution, which protects Mr. Howard from cruel and unusual punishment.

WHEREFORE, as a result of the foregoing, Plaintiffs Doris Hunter, Individually, and as Personal Representative of the Estate of Daniel Howard, Ericka Dockery, as Parent and Next Friend of Hunter Howard, and Wayne Howard, Individually, respectfully demand judgment against Defendants, Corizon Health, Inc., the Maryland Department of Public Safety and Correctional Services, Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC., Steven T. Moyer and William G. Stewart, for actual, general, special, and compensatory damages, including punitive damages, in an amount exceeding Thirty Thousand Dollars ($30,000.00), exclusive of interests and costs, and any other legal or equitable relief as justice requires.

**COUNT IV**
**VIOLATION OF MARYLAND DECLARATION OF RIGHTS—ARTICLES 24, 25 & 26**

53.    The Plaintiffs incorporate in this Count those facts set forth in paragraphs 1 through 52, including subparagraphs, by reference thereto, as if fully set forth herein.

54.    At all times relevant hereto, the Defendants acted under color and pretense of law, and under color of statutes, customs, and usages of the State of Maryland.

55.    The actions of the Defendants were beyond the bounds of decency, were outrageous and violated the rights of the Plaintiffs under Articles 24, 25 and 26 of the Maryland Declaration of Rights and various other provisions of state law.

56.    At all times relevant hereto, the Defendants acted without justification or excuse.

15

57.    At all times relevant hereto, the individual Defendants alternatively: (1) acted with an evil and rancorous motive influenced by hate, the purpose being to deliberately and willfully injure Mr. Howard, and at all times relevant hereto, the individual Defendants acted deliberately and with ill will, improper motive and actual malice; or (2) acted with negligence and/or gross negligence in violation of lawful duties owed Mr. Howard, and within the scope of their employment.

WHEREFORE, as a result of the foregoing Plaintiffs Doris Hunter, Individually, and as Personal Representative of the Estate of Daniel Howard, Ericka Dockery, as Parent and Next Friend of Hunter Howard, and Wayne Howard, Individually, respectfully demand judgment against Defendants, Corizon Health, Inc., the Maryland Department of Public Safety and Correctional Services, Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC., Steven T. Moyer and William G. Stewart, for actual, general, special, and compensatory damages, including punitive damages, in an amount exceeding Thirty Thousand Dollars ($30,000.00), exclusive of interests and costs, and any other legal or equitable relief as justice requires.

## COUNT V
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58.    The Plaintiffs incorporate in this Count those facts set forth in paragraphs 1 through 57, including subparagraphs, by reference thereto, as if fully set forth herein.

59.    Mr. Howard repeatedly complained of headaches and asked to be seen by health care providers. In response, he was merely prescribed Ibuprofen without any physical examination or diagnostic testing. His headaches continued for over four months before he was finally examined on May 22, 2019 by Nurse Practitioner Rotimi. Even then, Nurse Practitioner continued the same pattern of band-aid care and again merely prescribed Ibuprofen without any effort or

16

consideration for diagnostic testing. This conduct was intentional, reckless, extreme and outrageous.

60.    The Defendants' conduct was both extreme and outrageous in nature and was committed intentionally, maliciously, recklessly and deliberately, with a disregard of the high probability that emotional distress would result in the Decedent.

61.    The conduct of the individual defendants was extreme and outrageous beyond the bounds of decency and society.

62.    The conduct of the individual defendants was malicious, willful, and intentional.

63.    The conduct of the individual defendants was perpetrated within the scope of their employment with Corizon Health, Inc. and the Maryland Department of Public Safety and Correctional Services.

64.    These actions constituted the intentional infliction of emotional distress by the individual defendants upon Mr. Howard.

65.    The aforesaid acts of the individual defendants were undertaken knowingly, intentionally, deliberately, and with actual malice.

66.    As a direct and proximate result of Defendants' conduct, Mr. Howard suffered severe emotional distress while dealing with his continued headaches until he was rendered unable to walk, slurring his words and ultimately becoming unresponsive on May 25, 2019.

67.    The Defendants were agents, servants and/or employees of the Maryland Department of Public Safety and Correctional Services by contract executed by Corizon Health, Inc. and the State of Maryland, at all times relevant to the events alleged herein.

WHEREFORE, as a result of the foregoing, Plaintiffs Doris Hunter, Individually, and as Personal Representative of the Estate of Daniel Howard, Ericka Dockery, as Parent and Next

17

Friend of Hunter Howard, and Wayne Howard, Individually, respectfully demand judgment against Defendants, Corizon Health, Inc., the Maryland Department of Public Safety and Correctional Services, Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC., Steven T. Moyer and William G. Stewart, for actual, general, special, and compensatory damages, including punitive damages, in an amount exceeding Thirty Thousand Dollars ($30,000.00), exclusive of interests and costs, and any other legal or equitable relief as justice requires.

## COUNT VI
### CIVIL CONSPIRACY

68.     The Plaintiffs incorporate in this Count those facts set forth in paragraphs 1 through 67, including subparagraphs, by reference thereto, as if fully set forth herein.

69.     The Defendants each conspired with the other to violate the constitutional rights of the Plaintiffs and the Decedent, as well as their rights under the Maryland Declaration of Rights in the Annotated Code of Maryland, and to directly and proximately cause the death, injuries and other damages at issue here.

70.     Defendants Corizon Health, Inc., the Maryland Department of Public Safety and Correctional Services, Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC. took affirmative steps towards the conspiracy by failing and refusing to provide timely and appropriate medical care to Mr. Howard.

71.     Corizon Health, Inc., the Maryland Department of Public Safety and Correctional Services, Steven T. Moyer and William G. Stewart took affirmative steps towards the conspiracy by failing and refusing to properly train and supervise their health care providers, creating an environment in which the conspiracy here was permitted.

72.     Said conspiracy denied Mr. Howard and the Plaintiffs their equal protection and equal privileges and immunities under the law.

18

73.     As a direct and proximate result of the conspiracy and the participation in it of each Defendant, Mr. Howard was deprived of his life and liberty while the Plaintiffs, and each of them, was caused to suffer severe emotional distress, anguish, pain, suffering and other damages and injuries as outlined elsewhere herein.

74.     The Defendants were agents, servants and/or employees of the Maryland Department of Public Safety and Correctional Services by contract executed by Corizon Health, Inc. and the State of Maryland, at all times relevant to the events alleged herein.

WHEREFORE, as a result of the foregoing, Plaintiffs Doris Hunter, Individually, and as Personal Representative of the Estate of Daniel Howard, Ericka Dockery, as Parent and Next Friend of Hunter Howard, and Wayne Howard, Individually, respectfully demand judgment against Defendants, Corizon Health, Inc., the Maryland Department of Public Safety and Correctional Services, Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC., Steven T. Moyer and William G. Stewart, for actual, general, special, and compensatory damages, including punitive damages, in an amount exceeding Thirty Thousand Dollars ($30,000.00), exclusive of interests and costs, and any other legal or equitable relief as justice requires.

Respectfully submitted,

Carlos G. Stecco
cgs@medlegalteam.com
Stecco Law, P.C.
AIS #0006210410
102 W. Pennsylvania Avenue, Suite 300
Towson, Maryland 21204
(410) 842-6176
(443) 470-6118 Fax
*Attorney for Plaintiffs*

19

Samuel M. Shapiro
rogah@aol.com
Samuel M. Shapiro, P.A.
AIS #6610010060
200-A Monroe Street
Rockville, MD 20850
(301) 340-1333
(301) 340-1149 Fax
*Attorney for Plaintiffs*

| | | |
|---|---|---|
| DORIS HUNTER, et al | * | IN THE |
| Plaintiffs | * | CIRCUIT COURT FOR |
| v. | * | BALTIMORE CITY |
| CORIZAN HEALTH, INC., et al. | * | MARYLAND |
| | * | |
| Defendants | | |
| | * | CASE NO.: |

*     *     *     *     *     *     *     *     *     *     *     *

## DEMAND FOR JURY TRIAL

Plaintiffs by and through their attorney, Carlos G. Stecco, hereby demand a trial by jury of this action.

Respectfully submitted,

_____

Carlos G. Stecco
cgs@medlegalteam.com
Stecco Law, P.C.
AIS #0006210410
102 W. Pennsylvania Avenue, Suite 300
Towson, Maryland 21204
(410) 842-6176
(443) 470-6118 Fax
*Attorney for Plaintiffs*

_____

Samuel M. Shapiro
rogah@aol.com
Samuel M. Shapiro, P.A.
AIS #6610010060
200-A Monroe Street
Rockville, MD 20850
(301) 340-1333
(301) 340-1149 Fax
*Attorney for Plaintiffs*

21

# EXHIBIT 1

DORIS HUNTER, Individually          *       IN THE
and as Personal Representative
of the Estate of Daniel Howard
129 Chesapeake Mobile Court          *       HEALTH CARE
Hanover, MD 21076

                                     *       ALTERNATIVE DISPUTE
and
                                     *       RESOLUTION OFFICE
ERIKA DOCKERY, as Parent and Next
Friend of Hunter Howard              *       OF MARYLAND
9728 Eustice Road
Randallstown, MD 21133               *       CASE NO.: _____

and                                  *

WAYNE HOWARD                         *
26 Whites Road
Severna Park, MD 21146               *

                                     *
        Claimants
                                     *
v.
                                     *
CORIZON HEALTH, INC.                 *
Two Penns Way, Suite 200
New Castle, DE 19720                 *
        SERVE ON RESIDENT AGENT:
        The Corporation Trust, Inc.  *
        2405 York Road, Suite 201
        Lutherville-Timonium, MD   21093   *

and                                  *

MARYLAND DEPARTMENT OF PUBLIC        *
SAFETY AND CORRECTIONAL SERVICES
6776 Reisterstown Road, Suite 102    *
Baltimore, MD 21215
                                     *
and
                                     *
STEVEN T. MOYER, SECRETARY OF THE
MARYLAND DEPARTMENT OF PUBLIC        *
SAFETY AND CORRECTIONAL SERVICES
6776 Reisterstown Road, Suite 102    *
Baltimore, MD 21215
                                     *

RECEIVED

MAY 24 2022

HEALTH CARE
ALTERNATIVE DISPUTE
RESOLUTION OFFICE

1

and
WILLIAM G. STEWART, DEPUTY                    *
SECRETARY OF THE MARYLAND
DEPARTMENT OF PUBLIC SAFETY                   *
AND CORRECTIONAL SERVICES
6776 Reisterstown Road, Suite 102             *
Baltimore, MD 21215
                                              *
and
                                              *
YONAS SISAY, M.D.
7803 House of Correction Road                 *
Jessup, Maryland 20794
                                              *
and
                                              *
YETUNDE ROTIMI, MSN, FNP-BC
12909 5th Street                   *
Bowie, Maryland 20720
                                              *
        Health Care Providers.
*       *       *       *       *       *   *   *       *       *       *       *       *

## STATEMENT OF CLAIM

Claimants, Doris Hunter, Individually and as Personal Representative of the Estate of

Daniel Howard, Erika Dockery, as Parent and Next Friend of Hunter Howard, and Wayne Howard,

individually, by and through their attorneys, Carlos G. Stecco and Samuel Shapiro, pursuant to the

Health Care Malpractice Claims Act, Md. Code Ann., Cts. & Jud. Proc., § 3-2A-01, *et seq.* (1976,

2006 Repl. Vol.), hereby sue Health Care Providers, Corizon Health, Inc., the Maryland

Department of Public Safety and Correctional Services, Yonas Sisay, M.D. and Yetunde Rotimi,

MSN, FNP-BC (hereinafter, collectively, "Health Care Providers"), and Defendants Steven T.

Moyer and William G. Stewart.

## INTRODUCTION

This action is brought by Claimants against Health Care Providers, Corizon Health, Inc.,

the Maryland Department of Public Safety and Correctional Services, Yonas Sisay, M.D. and

2

Yetunde Rotimi, MSN, FNP-BC., and Defendants Steven T. Moyer and William G. Stewart, and their employees and/or agents who intentionally ignored and failed to provide timely and appropriate medical treatment to Daniel Howard, (hereinafter "Mr. Howard" or "decedent") during the course of several months during which the Decedent endured extraordinary pain and suffering as the result of defendants' repeated failure to properly observe, diagnose, and promptly treat the decedent's ever worsening health conditions and eventually leading to his death.

Health Care Providers and Defendants violated Mr. Howard's federal constitutional rights under the Eighth and Fourteenth Amendments and their duties to Mr. Howard under Maryland law by failing to provide adequate medical care and appropriate accommodations to treat neurologic symptoms that were ongoing for more than four months. Health Care Providers and Defendants have acted not only negligently, but also deliberately and with complete indifference to Mr. Howard's serious medical needs, repeatedly refusing to provide appropriate treatment for Mr. Howard's ever worsening health conditions and eventually leading to his death.

## JURISDICTION/VENUE

1.      The Health Care Alternative Dispute Resolution Office ("HCADRO") has jurisdiction over this matter pursuant to MD. Cts. & Jud. Proc. Code Ann § 3-2A-01, *et. seq.*

2.      The amount in controversy exceeds Thirty Thousand Dollars ($30,000.00), exclusive of interests and costs.

3.      The proper venue for this action is the Circuit Court for Baltimore City.

## PARTIES

4.      The Decedent, Daniel Howard ("Mr. Howard" or "Decedent"), was a 32-year-old male inmate incarcerated at the Maryland Correctional Institution located at 7803 House of Correction Road, Jessup, Maryland 20794 ("MCI—Jessup") at the time of the occurrence

3

complained of herein and at the time of his death.

5.      Claimant Doris Hunter ("Claimant and/or "Ms. Hunter") is a natural person and a resident of Maryland, at 129 Chesapeake Mobile Court, Hanover, Maryland 21076. Doris Hunter brings this action as a surviving parent of Daniel Howard and as Personal Representative of the Estate of Daniel Howard.  Doris Hunter was appointed as Successor Personal Representative of the Estate of Daniel Howard by the Register of Wills of Anne Arundel County, Maryland.  The Letters of Administration and Order of Successor Personal Representative are attached hereto as Exhibit 1.

6.      Ericka Dockery is a natural person and a resident of Maryland at 9728 Eustice Road, Randallstown, Maryland 21133.  Ericka Dockery brings this action as Parent and Next Friend of Hunter Howard, surviving minor child of Daniel Howard.

7.      Wayne Howard is a natural person and a resident of Maryland, at 26 Whites Road, Severna Park, Maryland 21146.  Wayne Howard is a surviving parent of Daniel Howard.

8.      Health Care Provider Corizon Health, Inc. ("Corizon Health" or "Corizon") is an entity licensed and duly organized and existing under the laws of Maryland, providing health care and hospital services including, but not limited to, nursing and internal medicine, to members of the inmate population at 7803 House of Correction Road, Jessup, Maryland 20794 at all times relevant to the events alleged herein.

9.      Health Care Provider Maryland Department of Public Safety and Correctional Services ("Maryland Correctional Services" or "DPSCS") is an agency of the Maryland state government and operates state correctional facilities throughout Maryland, including the provision of health care and hospital services including, but not limited to, nursing and internal medicine, to

4

members of the inmate population at 7803 House of Correction Road, Jessup, Maryland 20794, at all times relevant to the events alleged herein.

10.    Defendant Steven T. Moyer was the Secretary of the Maryland Department of Public Safety and Correctional Services at all times relevant to the events alleged herein. As such, he had direct responsibility for the operation of MCI—Jessup, including all policies, practices and procedures affecting inmates confined at MCI—Jessup, its medical unit and its segregation unit. He is sued in his individual and official capacities.

11.    Defendant William G. Stewart was the Deputy Secretary of the Maryland Department of Public Safety and Correctional Services at all times relevant to the events alleged herein. As such, he had direct responsibility for the operation of MCI—Jessup, including all policies, practices and procedures affecting inmates confined at MCI—Jessup, its medical unit and its segregation unit. He is sued in his individual and official capacities.

12.    Health Care Provider, Yonas Sisay, M.D. ("Dr. Sisay"), is a physician licensed in the State of Maryland and provided health care services to members of the inmate population at 7803 House of Correction Road, Jessup, Maryland 20794, at all times relevant to the events alleged herein. At all times while Mr. Howard was under Dr. Sisay's care, Dr. Sisay was acting within the scope of his employment and as an agent for Health Care Provider, Corizon Health, Inc.

13.    Health Care Provider Yetunde Rotimi, MSN, FNP-BC ("Nurse Practitioner Rotimi"), is a nurse practitioner licensed in the State of Maryland and provided health care services to members of the inmate population at 7803 House of Correction Road, Jessup, Maryland 20794, at all times relevant to the events alleged herein. At all times while Mr. Howard was under Nurse Practitioner Rotimi's care, Nurse Practitioner Rotimi was acting within the scope of her employment and as an agent for Health Care Provider, Corizon Health, Inc.

5

14.     At all times relevant to the facts alleged herein, Defendant Health Care Providers Corizon Health, Inc, the Maryland Department of Public Safety and Correctional Services, Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC., themselves and through their actual and/or apparent agents, nurses, residents, independent contractors, servants and/or employees, represented to the Decedent and the inmate population at the Maryland Correctional Institution at Jessup that they possessed the degree of knowledge, ability and skill possessed by reasonably competent medical providers practicing under similar circumstances as those involved in the care of Decedent.

15.     The Health Care Providers were agents, servants and/or employees of the Maryland Department of Public Safety and Correctional Services by contract executed by Corizon Health, Inc. and the State of Maryland, at all times relevant to the events alleged herein.

## FACTS COMMON TO ALL COUNTS

16.     The Claimants incorporate in this Count those facts set forth in Paragraphs 1 through 15 hereinabove, including subparagraph, by reference thereto, as if fully set forth herein.

17.     At the time of his death, Daniel Howard was an unmarried 32-year-old male with one minor child.

18.     Health care services at the correctional facility were provided by Corizon Health, Inc.

19.     While an inmate at the Maryland Correctional Institution at Jessup, Daniel Howard submitted a written request on or about January 6, 2019 to be seen by a health care provider for complaints of pain that he had been experiencing since January 1, 2019. Mr. Howard was prescribed Ibuprofen by Yonas Sisay, M.D. on or about January 7, 2019 for headaches. There was no physical examination or diagnostic testing.

6

20.     On or about March 6, 2019, Mr. Howard again complained of headaches. In a blatant act of deliberate indifference, Dr. Sisay merely prescribed another supply of Ibuprofen and failed to perform a physical examination and also failed to order any diagnostic testing.

21.     On or about May 6, 2019, Mr. Howard submitted a written request to be seen by a health care provider for complaints of headaches. In a blatant act of deliberate indifference, the named Health Care Providers failed to respond to Mr. Howard's request for over two weeks until he was finally examined on or about May 22, 2019.

22.     On or about May 22, 2019, Mr. Howard was finally examined by a health care provider, Nurse Practitioner Yetunde Rotimi, for his continued complaints of headaches. In a blatant act of deliberate indifference, Nurse Practitioner Rotimi merely prescribed another supply of Ibuprofen and failed to order any diagnostic testing.

23.     On or about May 25, 2019 at approximately 1845 hours, Mr. Howard was noted to be in an "impaired" state and complained of a headache. Mr. Howard was escorted to the prison hospital at 1900 hours where he was evaluated by Amadu S. Sesay, R.N.

24.     He was evaluated by Nurse Sesay and observed for an hour, sitting up. He was noted to have fallen asleep. At 2030 hours, Mr. Howard attempted to walk, but collapsed and became unresponsive. He was given 2 doses of Narcan without improvement. He was then emergently transported to Howard County General Hospital by ambulance.

25.     Mr. Howard had a Glasgow Coma Scale of 3 on arrival at Howard County General Hospital.

26.     Mr. Howard was intubated and underwent a head CT scan which showed a hemorrhagic cyst arising from the right basal ganglia compressing 3 of the 4 ventricles and cisterns of the brain, as well as herniation of the brain.

7

27. A multitude of tests were done that ruled out any reversible causes of his moribund state such as infection, clotting disorders, electrolyte or glucose disorders. Neurosurgery was consulted and determined surgical intervention would not improve his very poor prognosis

28. He was transferred to the ICU where he remained on a ventilator without any change in his moribund neurologic state through May 30, 2019.

29. A complete neurological assessment of brain function was consistent with brain death and Mr. Howard died on May 30, 2019 at 1643 hours.

30. The autopsy report confirmed cause of death was massive intracranial hemorrhage (bleeding into and around the brain). The cause of the hemorrhage was possibly due to a tumor.

31. The deliberate indifference that the named Health Care Providers showed to Mr. Howard's serious medical condition - repeatedly failing to exam and/or order diagnostic testing in the face of continued and/or worsening neurologic signs/symptoms is consistent with Corizon's policy and continuing practice of denying Mr. Howard, and similarly situated inmates, their medically necessary treatment. The structure of Corizon's medical services contracts provided, and continues to provide, financial motivation to limit and/or provide appropriate medical care.

32. In December 2018, DPSCS signed the Corizon Medical Services Contract whereby Corizon agreed to staff and operate medical facilities located within DPSCS prisons.

33. The Corizon Medical Services Contracts contains numerous provisions that provide a disincentive to Corizon from providing medically necessary services crucial to treat serious conditions like those Mr. Howard suffered.

34. These financial disincentives drove Corizon, and continue to drive Corizon, to enforce an intentional "conservative" policy of deliberate indifference towards inmates with medical conditions like Mr. Howard's, all for the sake of saving money. Mr. Howard's case

8

demonstrates the effect of these policies - a pattern and practice of grossly inadequate care that reflects deliberate indifference to an inmate's serious medical needs.

COUNT I
(MEDICAL NEGLIGENCE—SURVIVAL CLAIM)

35.     The Claimants incorporate in this Count those facts set forth in paragraphs 1 through 34, hereinabove, including subparagraphs, by reference thereto, as if fully set forth herein.

36.     The Estate of Daniel Howard, deceased, by Doris Hunter, Personal Representative, sues Corizon Health, Inc, the Maryland Department of Public Safety and Correctional Services, Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC, Health Care Providers under the Survival Act, Maryland Cts. & Jud. Proc., Code §6-401(a), pursuant to the authority vested in a Personal Representative by virtue of Maryland Estates and Trusts Code §7-401(y) and alleges as follows:

37.     The Claimants allege that Health Care Providers, Corizon Health, Inc, the Maryland Department of Public Safety and Correctional Services, Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC., including their duly authorized agents and/or employees, owed to the Decedent the duty to exercise reasonable care, skill and judgment expected of a competent medical practitioner acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Decedent's condition, careful diagnosis of such condition, employment of appropriate procedures, surgery and/or treatment to correct such conditions without injury upon the Decedent, continuous evaluation of the Decedent's condition and the effects of such treatment, and adjustment of the course of treatment in response to such ongoing surveillance and evaluation, all of which the Health Care Providers failed to do.

38.     Health Care Providers Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC., themselves and through their actual and/or apparent agents, nurses, residents, independent

9

contractors, servants and/or employees, were negligent in their care and treatment of Daniel Howard by breaching the standard of care in the following ways:

    a.    Failing to taking the precautions and actions necessary to prevent severe and permanent injuries to one of their patients, Daniel Howard;

    b.    Failing to implement/provide timely interventions in an effort to diagnose and treat the Decedent's medical condition;

    c.    Failing to properly and timely diagnose and treat the patient's medical condition;

    d.    Failing to properly monitor and treat the patient;

    e.    Failing to render care and treatment which would have prevented and/or limited the extent of Decedent's injuries;

    f.    Negligently failing to timely and appropriately take all reasonable steps to prevent any injury to Daniel Howard, including, but not limited to, performing evaluations, obtaining referrals, obtaining diagnostic studies, and rendering care and treatment which would have prevented the Decedent's injuries;

    g.    In other ways departing from the applicable standards of care; and

    h.    Health Care Providers may have been otherwise negligent and/or additional details of negligence may surface during discovery.

    39.    Health Care Providers Corizon Health, Inc. and the Maryland Department of Public Safety and Correctional Services, themselves and through their actual and/or apparent agents, nurses, residents, independent contractors, servants and/or employees, including, but not limited to, Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC., were negligent in their care and treatment of Daniel Howard by breaching the standard of care in the following ways:

a.   Failure to adequately train and/or by permitting Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC. to provide substandard care;

b.   Permitting Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC. to provide medical care to the Decedent without sufficient training, experience and/or understanding of the anatomy involved and without taking the precautions and actions necessary to prevent severe and permanent injuries to one of its patients, Daniel Howard;

c.   Failing to implement/provide timely interventions in an effort to diagnose and treat the Decedent's medical condition;

d.   Failing to properly and timely diagnose and treat the patient's medical condition;

e.   Failing to properly monitor and treat the patient;

f.   Failing to render care and treatment which would have prevented and/or limited the extent of Decedent's injuries;

g.   Negligently failing to timely and appropriately take all reasonable steps to prevent any injury to Daniel Howard, including, but not limited to, performing evaluations, obtaining referrals, obtaining diagnostic studies, and rendering care and treatment which would have prevented the Decedent's injuries;

h.   In other ways departing from the applicable standards of care;

i.   Health Care Providers Corizon Health, Inc. and the Maryland Department of Public Safety and Correctional Services are also responsible for the actions of Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC. by virtue of the doctrine of *respondeat superior*;

j.   Claimants also rely on *res ipsa loquitur*; and

11

k.    Health Care Providers may have been otherwise negligent and/or additional details of negligence may surface during discovery.

40.    As a direct and proximate cause of the negligence on the part of the named Health Care Providers and any actual and/or apparent agents, nurses, residents, independent contractors, servants and/or employees, Decedent Daniel Howard, through no fault of his own, died and from the time of these failures until his death, endured severe conscious pain and suffering, emotional anguish, fear, anxiety, humiliation and embarrassment. The Estate of Daniel Howard incurred costs for funeral, burial and internment expenses.

WHEREFORE, Doris Hunter, as Personal Representative of the Estate of Daniel Howard, deceased, respectfully demands judgment against these named Health Care Providers, and Defendants, including any actual and/or apparent agents, nurses, residents, independent contractors, servants and/or employees jointly and severally, for actual, general, special, and compensatory damages, including punitive damages, as a consequence of the negligence of these named Health Care Providers and Defendants in an amount exceeding Thirty Thousand Dollars ($30,000.00), exclusive of interests and costs, and any other legal or equitable relief as justice requires.

COUNT II<br>(MEDICAL NEGLIGENCE—WRONGFUL DEATH)

41.    The Claimants incorporate in this Count those facts set forth in paragraphs 1 through 40, including subparagraphs, by reference thereto, as if fully set forth herein.

42.    Pursuant to Maryland Rule 15-1001, the following persons who are the surviving child and parents of Daniel Howard are entitled to recover damages for wrongful death under Courts & Judicial Proceedings § 3-904(a):

(a)    Hunter Howard (son of decedent);

12

(b)         Doris Hunter (parent of decedent);

(c)         Wayne Howard (parent of decedent);

43.     As a direct and proximate cause of the negligence on the part of the named Health Care Providers, including any actual and/or apparent agents, nurses, residents, independent contractors, servants and/or employees, Claimant Hunter Howard, surviving minor child of the Decedent, through Claimant Ericka Dockery, as Parent and Next Friend, has been caused to experience and will continue to experience extreme mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of parental care, loss of attention, loss of advice, loss of counsel, loss of training and loss of guidance. As a consequence of Daniel Howard's death, Hunter Howard lost his beloved father.

44.     As a direct and proximate cause of the negligence on the part of the named Health Care Providers, including any actual and/or apparent agents, nurses, residents, independent contractors, servants and/or employees, Claimants Doris Hunter and Wayne Howard, as the surviving parents of the Decedent, have been caused to experience and will continue to experience extreme mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, loss of counsel and loss of guidance. As a consequence of Daniel Howard's death, Doris Hunter and Wayne Howard lost their beloved son who was their friend in life.

WHEREFORE, as a result of the foregoing, Claimants Ericka Dockery, as Parent and Next Friend of Hunter Howard, Doris Hunter and Wayne Howard, respectfully demand judgment against Health Care Providers, Corizon Health, Inc., the Maryland Department of Public Safety and Correctional Services, Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC., and Defendants Steven T. Moyer and William G. Stewart, for actual, general, special, and

13

compensatory damages, including punitive damages, in an amount exceeding Thirty Thousand Dollars ($30,000.00), exclusive of interests and costs, and any other legal or equitable relief as justice requires.

## COUNT III
## VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW, 42 U.S.C. § 1983 CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

45.    The Claimants incorporate in this Count those facts set forth in paragraphs 1 through 44, including subparagraphs, by reference thereto, as if fully set forth herein.

46.    The Eighth Amendment and protects Mr. Howard, as an inmate at MCI—Jessup, from unnecessary and wanton infliction of pain by virtue of its guarantee against cruel and unusual punishment.

47.    ·  Mr. Howard's repeated headaches, suffered for four months (January 2019 to May 2019), constituted a serious medical condition requiring proper treatment, and the actions and/or inactions of Health Care Providers, under color of state law, in addressing or failing to address that condition, constituted deliberate indifference which proximately caused Mr. Howard substantial and unnecessary suffering, injury, and death.

48.    Among other things, Health Care Providers and Defendants had actual and/or constructive knowledge that the medical staff at MCI—Jessup and/or the prison staff was denying Mr. Howard medical treatment that would have been effective in diagnosing the cause of his repeated headaches.  Health Care Providers and Defendants had actual and/or constructive knowledge of the delay and/or denial of access to medically necessary medications and diagnostic testing by virtue of, among other sources, proper exercise of their official duty to be informed of and sign off on inmates' medical needs, medical visit records, medical alerts, medical staff, inmate

14

grievances, and sick call requests. In addition, they had other manifest opportunities to be informed of the delay and/or deliberate denial of medically necessary care to Mr. Howard.

49.     Health Care Providers and Defendants further had actual and/or constructive knowledge that the medical staff at MCI—Jessup and/or the prison staff was denying Mr. Howard timely physical examinations and diagnostic testing.

50.     Despite knowledge of the seriousness of Mr. Howard's condition, Health Care Providers and Defendants, and their actual and/or apparent agents, servants, and/or employees,on numerous occasions over an excessively lengthy period failed to provide Mr. Howard with constitutionally required medical care. Health Care Providers' and Defendants' failures were intentional, reckless, and/or deliberately indifferent.

51.     The Health Care Providers and Defendants provided Mr. Howard grossly deficient and deliberately indifferent medical care pursuant to policies that promote and financially encourage such deliberate indifferent care. Such indifference to the serious medical needs of not only Mr. Howard but other inmates at MCI—Jessup also demonstrates a pattern and custom of constitutionally inadequate medical care on the part of the Health Care Providers.

52.     By subjecting Mr. Howard to gross inhumane and extreme deprivation of basic medical care, Health Care Providers and Defendants have acted with deliberate indifference and reckless disregard towards Mr. Howard's serious health needs, thus violating his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution. In addition to Health Care Providers' and Defendants' individual deliberate indifference to Mr. Howard's medical needs, Health Care Providers' and Defendants' failure to adequately supervise servants and/or employees and agents violated the Eighth Amendment of the U.S. Constitution, which protects Mr. Howard from cruel and unusual punishment.

15

WHEREFORE, as a result of the foregoing, Claimants Doris Hunter, Individually, and as Personal Representative of the Estate of Daniel Howard, Ericka Dockery, as Parent and Next Friend of Hunter Howard, and Wayne Howard, Individually, respectfully demand judgment against Health Care Providers, Corizon Health, Inc., the Maryland Department of Public Safety and Correctional Services, Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC., and Defendants Steven T. Moyer and William G. Stewart, for actual, general, special, and compensatory damages, including punitive damages, in an amount exceeding Thirty Thousand Dollars ($30,000.00), exclusive of interests and costs, and any other legal or equitable relief as justice requires.

**COUNT IV**
**VIOLATION OF MARYLAND DECLARATION OF RIGHTS—ARTICLES 24, 25 & 26**

53.     The Claimants incorporate in this Count those facts set forth in paragraphs 1 through 52, including subparagraphs, by reference thereto, as if fully set forth herein.

54.     At all times relevant hereto, the Health Care Providers and Defendants acted under color and pretense of law, and under color of statutes, customs, and usages of the State of Maryland.

55.     The actions of the Heath Care Providers and Defendants were beyond the bounds of decency, were outrageous and violated the rights of the Claimants under Articles 24, 25 and 26 of the Maryland Declaration of Rights and various other provisions of state law.

56.     At all times relevant hereto, the Heath Care Providers and Defendants acted without justification or excuse.

57.     At all times relevant hereto, the individual Health Care Providers and Defendants alternatively: (1) acted with an evil and rancorous motive influenced by hate, the purpose being to deliberately and willfully

16

injure Mr. Howard, and at all times relevant hereto, the individual Health Care Providers and Defendants acted deliberately and with ill will, improper motive and actual malice; or (2) acted with negligence and/or gross negligence in violation of lawful duties owed Mr. Howard, and within the scope of their employment.

WHEREFORE, as a result of the foregoing Claimants Doris Hunter, Individually, and as Personal Representative of the Estate of Daniel Howard, Ericka Dockery, as Parent and Next Friend of Hunter Howard, and Wayne Howard, Individually, respectfully demand judgment against Health Care Providers, Corizon Health, Inc., the Maryland Department of Public Safety and Correctional Services, Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC., and Defendants Steven T. Moyer and William G. Stewart, for actual, general, special, and compensatory damages, including punitive damages, in an amount exceeding Thirty Thousand Dollars ($30,000.00), exclusive of interests and costs, and any other legal or equitable relief as justice requires.

COUNT V
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58.     The Claimants incorporate in this Count those facts set forth in paragraphs 1 through 57, including subparagraphs, by reference thereto, as if fully set forth herein.

59.     Mr. Howard repeatedly complained of headaches and asked to be seen by health care providers. In response, he was merely prescribed Ibuprofen without any physical examination or diagnostic testing. His headaches continued for over four months before he was finally examined on May 22, 2019 by Nurse Practitioner Rotimi. Even then, Nurse Practitioner continued the same pattern of band-aid care and again merely prescribed Ibuprofen without any effort or consideration for diagnostic testing.   This conduct was intentional, reckless, extreme and outrageous.

17

60.     The Health Care Providers and Defendants' conduct was both extreme and outrageous in nature and was committed intentionally, maliciously, recklessly and deliberately, with a disregard of the high probability that emotional distress would result in the Decedent.

61.     The conduct of the individual defendants was extreme and outrageous beyond the bounds of decency and society.

62.     The conduct of the individual defendants was malicious, willful, and intentional.

63.     The conduct of the individual defendants was perpetrated within the scope of their employment with Corizon Health, Inc. and the Maryland Department of Public Safety and Correctional Services.

64.     These actions constituted the intentional infliction of emotional distress by the individual defendants upon Mr. Howard.

65.     The aforesaid acts of the individual defendants were undertaken knowingly, intentionally, deliberately, and with actual malice.

66.     As a direct and proximate result of Health Care Providers' and Defendants' conduct, Mr. Howard suffered severe emotional distress while dealing with his continued headaches until he was rendered unable to walk, slurring his words and ultimately becoming unresponsive on May 25, 2019.

67.     The Health Care Providers were agents, servants and/or employees of the Maryland Department of Public Safety and Correctional Services by contract executed by Corizon Health, Inc. and the State of Maryland, at all times relevant to the events alleged herein.

WHEREFORE, as a result of the foregoing, Claimants Doris Hunter, Individually, and as Personal Representative of the Estate of Daniel Howard, Ericka Dockery, as Parent and Next Friend of Hunter Howard, and Wayne Howard, Individually, respectfully demand judgment

against Health Care Providers, Corizon Health, Inc., the Maryland Department of Public Safety and Correctional Services, Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC., and Defendants Steven T. Moyer and William G. Stewart, for actual, general, special, and compensatory damages, including punitive damages, in an amount exceeding Thirty Thousand Dollars ($30,000.00), exclusive of interests and costs, and any other legal or equitable relief as justice requires.

**COUNT VI**
**CIVIL CONSPIRACY**

68.      The Claimants incorporate in this Count those facts set forth in paragraphs 1 through 67, including subparagraphs, by reference thereto, as if fully set forth herein.

69.      The Health Care Providers and Defendants each conspired with the other to violate the constitutional rights of the Claimants and the Decedent, as well as their rights under the Maryland Declaration of Rights in the Annotated Code of Maryland, and to directly and proximately cause the death, injuries and other damages at issue here.

70.      Health Care Providers Corizon Health, Inc., the Maryland Department of Public Safety and Correctional Services, Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC. took affirmative steps towards the conspiracy by failing and refusing to provide timely and appropriate medical care to Mr. Howard.

71.      Corizon Health, Inc., the Maryland Department of Public Safety and Correctional Services, Steven T. Moyer and William G. Stewart took affirmative steps towards the conspiracy by failing and refusing to properly train and supervise their health care providers, creating an environment in which the conspiracy here was permitted.

72.      Said conspiracy denied Mr. Howard and the Claimants their equal protection and equal privileges and immunities under the law.

19

73.    As a direct and proximate result of the conspiracy and the participation in it of each Health Care Provider and Defendant, Mr. Howard was deprived of his life and liberty while the Claimants, and each of them, was caused to suffer severe emotional distress, anguish, pain, suffering and other damages and injuries as outlined elsewhere herein.

74.    The Health Care Providers were agents, servants and/or employees of the Maryland Department of Public Safety and Correctional Services by contract executed by Corizon Health, Inc. and the State of Maryland, at all times relevant to the events alleged herein.

WHEREFORE, as a result of the foregoing, Claimants Doris Hunter, Individually, and as Personal Representative of the Estate of Daniel Howard, Ericka Dockery, as Parent and Next Friend of Hunter Howard, and Wayne Howard, Individually, respectfully demand judgment against Health Care Providers, Corizon Health, Inc., the Maryland Department of Public Safety and Correctional Services, Yonas Sisay, M.D. and Yetunde Rotimi, MSN, FNP-BC., and Defendants Steven T. Moyer and William G. Stewart, for actual, general, special, and compensatory damages, including punitive damages, in an amount exceeding Thirty Thousand Dollars ($30,000.00), exclusive of interests and costs, and any other legal or equitable relief as justice requires.

Respectfully submitted,

Carlos G. Stecco
cgs@medlegalteam.com
Stecco Law, P.C.
AIS #0006210410
809 Gleneagles Court, Suite 310
Baltimore, Maryland 21286
(410) 842-6176
(443) 470-6118 Fax
*Attorney for Claimants*

Samuel M. Shapiro
rogah@aol.com
Samuel M. Shapiro, P.A.
AIS #6610010060
200-A Monroe Street
Rockville, MD 20850
(301) 340-1333
(301) 340-1149 Fax
*Attorney for Claimants*

21

# EXHIBIT 1



# STATE OF MARYLAND
# LETTERS OF ADMINISTRATION
# OF A SMALL ESTATE

Estate No. 88069

I certify that administration of the Estate of

DANIEL HOWARD

was granted on the ___10th___ day of ___JUNE, 2019___

to WAYNE HOWARD

as personal representative(s) and the appointment is in effect

this ___10th___ day of ___JUNE, 2019___

☐ Will probated _____ (date)

☑ Intestate estate

☐ Unprobated Will - Probate Not Required

*Lauren M. Parker*

LAUREN M. PARKER
Register of Wills for
ANNE ARUNDEL

VALID ONLY IF SEALED WITH THE SEAL OF THE COURT OR THE REGISTER

RW1107

ROWNET
11/2009

IN THE MATTER OF                          *          IN THE ORPHANS' COURT

THE ESTATE OF                             *          FOR

DANIEL HOWARD                             *          ANNE ARUNDEL COUNTY

                                          *          ESTATE #98066

*       *       *       *       *       *       *       *       *       *       *

## ORDER

UPON CONSIDERATION OF the foregoing Petition for Appointment of

Successor Personal Representative, it is this 25TH day of JULY, 2019 by the Orphans'

Court for Anne Arundel County, Maryland.

ORDERED that DORIS HUNTER is hereby appointed as Successor Personal

Representative.



_____
Chief Judge

_____
Associate Judge

_____
Associate Judge





RECEIVED
MAY 2 4 2022
HEALTH CARE
ALTERNATIVE DISPUTE
RESOLUTION OFFICE

# STATE OF MARYLAND
# LETTERS OF ADMINISTRATION
# OF A SMALL ESTATE

Estate No. 98069

I certify that administration of the Estate of

DANIEL HOWARD

was granted on the     25th     day of   JULY, 2019

to DORIS HUNTER (SUCCESSOR)

as personal representative(s) and the appointment is in effect

this   25th   day of  JULY, 2019

☐  Will probated _____
                              (date)

☑  Intestate estate

☐  Unprobated Will - Probate Not Required

_Lauren M. Parker_

LAUREN M. PARKER
Register of Wills for

ANNE ARUNDEL

VALID ONLY IF SEALED WITH THE SEAL OF THE COURT OR THE REGISTER

RW1107

ROWNET
11/2009

RECEIVED
MAY 24 2022
HEALTH CARE
ALTERNATIVE DISPUTE
RESOLUTION OFFICE

DORIS HUNTER, et al.                         *        IN THE

     Claimants,                          *        HEALTH CARE

v.                                           *        ALTERNATIVE DISPUTE

                                             *        RESOLUTION OFFICE

CORIZON HEALTH, INC., et al.
                                             *        OF MARYLAND
     Health Care Providers
                                             *        HCA No.:

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*   .   \*       \*       \*

## CLAIMANTS' CERTIFICATE OF QUALIFIED EXPERT

I, Ilona W. Figura, M.D. do hereby certify, attest and affirm that:

1.      I have reviewed the medical records pertaining to the facts and circumstances in the above-captioned matter.

2.      It is my opinion, to a reasonable degree of medical probability, based upon my experience, training and expertise, and the materials I have reviewed, that there were violations in the standard of care by Defendants/Health Care Providers, Corizon Health, Inc., Yonas Sisay, MD and Yetunde Rotimi, MSN, FNP-BC, themselves and through their actual and/or apparent agents, nurses, residents, independent contractors, servants and/or employees, by the lack of proper care and treatment to timely assess repeated complaints of headaches by Daniel Howard from January 7, 2019 to May 25, 2019, as more fully explained and incorporated herein, in my report which is attached hereto.  It is also my opinion, to a reasonable degree of medical probability, that as a direct and proximate result of the violations in the standard of care by these Defendants/Health Care Providers, Daniel Howard suffered injuries.

3.      I certify that I am board-certified in Internal Medicine and licensed to practice in Connecticut. I further certify that I have had clinical experience, provided consultation relating to clinical practice and/or taught medicine in the Defendants' specialty or a related field of health

care, or in a field of health care in which the Defendants provided care or treatment to Daniel Howard, within five (5) years of the date of the alleged act or omission giving rise to this cause of action.

4.      I also certify and acknowledge that I do not devote more than 25% of my annual professional activities to activities that directly involve testimony in personal injury claims.

5.      I incorporate by reference as if fully stated herein the details of my report in this case, which is attached hereto.

ILONA W. FIGURA, MD



Hartford
HealthCare

Ilona Figura, MD
18 Suffolk Rd
South Glastonbury,CT 06073



Attorney Carlos Stecco
809 Gleneagles Ct
Suite 310
Baltimore, MD 21286

Client : Daniel Howard (DOB 6/26/86)

May 11, 2022

Dear Attorney Stecco,

I, Ilona Figura, MD, am a licensed physician in Connecticut and Board Certified in Internal Medicine since 1987, I have been a Hospitalist for the past 16 years and was the Principal Physician at Corrigan Correctional in Uncasville, CT. I also acknowledge that I do not devote more than 25% of my annual professional activities to activities that directly involve testimony in personal injury claims.

I have done a complete review of the records of Mr. Daniel Howard provided to me. These include:
-Prison medical records from Maryland Correctional System (8/9/09 – 5/25/19)
-Hospital records from Howard County General Hospital 5/25/19 – 5/30 /19

Mr. Howard was a 32-year-old male with a history of intermittent asthma, who was brought to the medical unit, at Maryland Correctional, by correctional officers at approximately 1900 on 5/25/19 because of new unstable gait, slurring of words and headache. He was evaluated by Nurse Sesay and observed for an hour, sitting up. He was noted to have fallen asleep . At 2030, Mr. Howard attempted to walk but collapsed and became unresponsive. He was given 2 doses of Narcan without improvement. He was then emergently transported to the Howard County General Hospital by ambulance.

On arrival to the ER, Mr. Howard was obtunded, both pupils were fixed and dilated, his Glasgow score was 3 (which measures level of consciousness - less than 8 indicates severe acute brain injury), his breathing was irregular. He was intubated, had a head CT scan which showed a hemorrhagic (bleeding) cyst arising from the right basal ganglia (an important structure deep in the brain) compressing 3 of the 4 ventricles and cisterns of the brain (which are spaces in the brain which must be open to drain cerebral spinal fluid) and herniation of the brain (so much



Hartford
HealthCare

pressure pushing the brain down, compressing the midbrain centers which can then no longer regulate normal breathing). Multitudes of tests were done that ruled out any reversible causes of his moribund state such as infection, clotting disorders, electrolyte or glucose disorders. Neurosurgery was consulted and determined surgical intervention would not improve his very poor prognosis

He was transferred to the ICU where he was given prophylactic intravenous antiseizure meds, Decadron (a steroid to reduce brain pressure), and continuous Levophed for low blood pressure. He developed elevated serum sodium (common with brain injuries) which was treated aggressively. He remained on the ventilator without any change in his moribund neurologic state through 5/30/19 (fixed dilated pupils, no spontaneous movements or breaths, no gag reflex, no withdrawal to painful stimuli). Neurology followed him . The physicians caring for him had daily discussions with his family about his poor prognosis and status and definition of brain death. Neurology's complete assessment of brain function was consistent with brain death on 5/29/19. EEG and apnea test (measures if patient breathes on their own when disconnected temporarily from the ventilator) on 5/30/19 with the family at the bedside. He had no spontaneous respirations, his arterial blood gas showed respiratory failure He was pronounced dead at 1643. The case was referred to the medical examiner.

The autopsy report confirmed cause of death was massive intracranial hemorrhage (bleeding into and around the brain). The cause of the hemorrhage was possibly due to a tumor.

It is my expert medical opinion that he was brain dead when brought to the ER and the hospital care was excellent, without deviation from standard of care.

Based on my review of Mr. Howard's prison medical records, I do feel there was a violation of the standard of care because he was prescribed Ibuprofen for headaches on Jan 7, 2019 and again on March 6, 2019 (by Yonas Sisay, MD), and on May 6, 2019 he wrote a request to be seen for headaches, but was not prescribed Ibuprofen until May 22, 2019 by nurse practitioner Yetunde Rotimi. It appears that Mr. Howard had been complaining of headaches for 4 months with no examination or diagnostic testing ever taking place until May 22, 2019. The standard of care is for a provider (MD or APRN or PA) to fully examine and evaluate a patient with headaches increasing in frequency and /or severity (C Randall Clinch, AM Fam Physician 2001 Feb 15:63(4) 658-693). It was a violation of the standard of care by Corizon Health, Inc., Yonas Sisay, MD and nurse practitioner Yetunde Rotimi to keep prescribing medication and not evaluate the patient.

Based upon a reasonable degree of medical probability, it is my opinion that nursing and physician staff at Maryland Corrections, including, but not limited to, Corizon Health, Inc., Yonas Sisay, MD and nurse practitioner Yetunde Rotimi in not scheduling Mr. Howard to be evaluated by a provider to determine the cause of his headaches, violated the standard of care and did not use such judgment as prudent healthcare advisors practicing in the same field would have provided under similar circumstances. It is also my opinion, to a reasonable degree of medical



## Hartford HealthCare

probability, that as a direct and proximate result of the violations in the standard of care by these Defendants/Health Care Providers, Daniel Howard suffered injuries.

Ilona Figura, MD

# EXHIBIT 2

| | | |
|---|---|---|
| DORIS HUNTER, et al. | * | IN THE |
| Claimants, | * | HEALTH CARE |
| v. | * | ALTERNATIVE DISPUTE |
| CORIZON HEALTH, INC., et al. | * | RESOLUTION OFFICE |
| Health Care Providers | * | OF MARYLAND |
| | * | HCA No.: |



\*     \*     \*     \*     \*     \*     \*     \*     \*     \*.     \*

## ELECTION TO WAIVE ARBITRATION

COME NOW the Claimants, Doris Hunter, Individually and as Personal Representative of

the Estate of Daniel Howard, Erika Dockery, as Parent and Next Friend of Hunter Howard and

Wayne Howard, Individually, by their attorney, Carlos G. Stecco and Samuel M. Shapiro, and file

this Election for Waiver of Arbitration pursuant to the Annotated Code of Maryland, Courts and

Judicial Proceedings Article, Section 3-2A-06B.  Claimants respectfully request an Order of

Transfer of this matter to the Circuit Court for Baltimore City and state:

1.     The Claimants have elected to waive arbitration in the above-captioned cause of

action to save time and expense associated herewith; and,

2.     That after filing, this election shall be binding on all parties.

Carlos G. Stecco
cgs@medlegalteam.com
Stecco Law, P.C.
AIS #0006210410
809 Gleneagles Court, Suite 310
Baltimore, MD 21286
410-842-6176
*Attorney for Claimants*

Samuel M. Shapiro
rogah@aol.com
Samuel M. Shapiro, P.A.
AIS #6610010060
200-A Monroe Street
Rockville, MD 20850
(301) 340-1333
(301) 340-1149 Fax
*Attorney for Claimants*

| DORIS HUNTER, et al. | * | IN THE |
| Claimants, | * | HEALTH CARE |
| v. | * | ALTERNATIVE DISPUTE |
| CORIZON HEALTH, INC., et al. | * | RESOLUTION OFFICE |
| Health Care Providers | * | OF MARYLAND |
| | * | HCA No.: |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## ORDER OF TRANSFER

The Claimants, having elected a Waiver of Arbitration under the provisions of the Annotated Code of Maryland, Courts and Judicial Proceedings Article, Section 3-2A-06B, it is this _____ day of _____, 2022, by the Health Care Alternative Dispute Resolution Office,

ORDERED that this case shall be and is hereby, transferred to the Circuit Court for Baltimore City.

 

 

 

_____

HARRY L. CHASE, DIRECTOR
Health Care Alternative Dispute Resolution Office

Copies to:

Carlos G. Stecco, Esq.
Stecco Law, P.C.
809 Gleneagles Court, Suite 310
Baltimore, Maryland 21286

Samuel M. Shapiro, Esq.
Samuel M. Shapiro, P.A.
200-A Monroe Street
Rockville, MD 20850

Corizon Health, Inc.
Two Penns Way, Suite 200
New Castle, DE 19720
        SERVE ON RESIDENT AGENT
        The Corporation Trust, Inc.
        2405 York Road, Suite 201
        Lutherville-Timonium, MD 21093

Maryland Department of Public Safety
and Correctional Services
6776 Reisterstown Road, Suite 102
Baltimore, MD 21215

Steven T. Moyer, Secretary of the
Maryland Department of Public
Safety and Correctional Services
6776 Reisterstown Road, Suite 102
Baltimore, MD 21215

William G. Stewart, Deputy
Secretary of the Maryland Department
of Public Safety and Correctional Services
6776 Reisterstown Road, Suite 102
Baltimore, MD 21215

Yonas Sisay, M.D.
7803 House of Correction Road
Jessup, MD 20794

Yetunde Rotimi, MSN, FNP-BC
12909 5th Street
Bowie, MD 20720



DORIS HUNTER, et al.          *     IN THE

    Claimants,          *     HEALTH CARE

v.          *     ALTERNATIVE DISPUTE

CORIZON HEALTH, INC., et al.          *     RESOLUTION OFFICE

    Health Care Providers          *     OF MARYLAND

              *     HCA No.:

              *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFIY that on this 24th day of May, 2022 a copy of the foregoing

Statement of Claim, Certificate of Qualified Expert, Election to Waive Arbitration and Proposed

Order of Transfer were sent by first class mail, postage prepaid, to the following:

Corizon Health, Inc.
Two Penns Way, Suite 200
New Castle, DE 19720
    SERVE ON RESIDENT AGENT
    The Corporation Trust, Inc.
    2405 York Road, Suite 201
    Lutherville-Timonium, MD 21093

Maryland Department of Public Safety
and Correctional Services
6776 Reisterstown Road, Suite 102
Baltimore, MD 21215

Steven T. Moyer, Secretary of the
Maryland Department of Public
Safety and Correctional Services
6776 Reisterstown Road, Suite 102
Baltimore, MD 21215

William G. Stewart, Deputy
Secretary of the Maryland Department
of Public Safety and Correctional Services
6776 Reisterstown Road, Suite 102
Baltimore, MD 21215

Yonas Sisay, M.D.
7803 House of Correction Road
Jessup, MD 20794

Yetunde Rotimi, MSN, FNP-BC
12909 5th Street
Bowie, MD 20720

Carlos G. Stecco

UPON COMPLETION OF YOUR CASE IN THE CIRCUIT COURT OR U.S. DISTRICT COURT
PLEASE NOTIFY THIS OFFICE OF THE OUTCOME OF THE NAMED PHYSICIANS, NURSE, ETC.
SO THAT WE MAY KEEP UPDATED RECORDS FOR THE GENERAL PUBLIC

| | | |
|---|---|---|
| DORIS HUNTER, et al. | * | BEFORE THE |
| | * | |
| | * | HEALTH CARE |
| | * | |
| Claimants | * | ALTERNATIVE DISPUTE |
| | * | |
| v. | * | RESOLUTION OFFICE |
| | * | |
| CORIZON HEALTH, INC., et al. | * | |
| | * | HCA No.: 2022-196 |
| | * | |
| | * | |
| Health Care Providers | * | |
| | * | |
| | * | |
| | * | |
| | * | |

## ORDER OF TRANSFER

The Claimants, by and through counsel, having elected a Waiver of Arbitration under the provisions of Annotated Code of Maryland, Courts and Judicial Proceedings, Article, § 3-2A-06B, it is this 31st day of _____, 2022, by the Health Care Alternative Dispute Resolution Office,

ORDERED, that this case shall be and is hereby, transferred to the Circuit Court for Baltimore City, Maryland.

HARRY L. CHASE, DIRECTOR
Health Care Alternative Dispute Resolution Office

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the above ORDER OF TRANSFER have been mailed, postage prepaid, to all counsel.

HARRY L. CHASE, DIRECTOR

# EXHIBIT 3



# STATE OF MARYLAND
# LETTERS OF ADMINISTRATION
# OF A SMALL ESTATE

Estate No. 98069

I certify that administration of the Estate of

DANIEL  HOWARD

was granted on the ___10th___ day of ___JUNE, 2019___

to WAYNE  HOWARD

as personal representative(s) and the appointment is in effect

this ___10th___ day of ___JUNE, 2019___

☐ Will probated _____
                              (date)

☑ Intestate estate

☐ Unprobated Will – Probate Not Required

_____

LAUREN M. PARKER
Register of Wills for

ANNE ARUNDEL

VALID ONLY IF SEALED WITH THE SEAL OF THE COURT OR THE REGISTER

RW1107

ROWNET
11/2009

IN THE MATTER OF          *          IN THE ORPHANS' COURT

THE ESTATE OF             *          FOR

DANIEL  HOWARD            *          ANNE ARUNDEL COUNTY

                          *          ESTATE #98066

*    *    *    *    *    *    *    *    *    *    *    *    *

<u>ORDER</u>

UPON CONSIDERATION OF the foregoing Petition for Appointment of

Successor Personal Representative, it is this <u>25TH</u> day of <u>JULY</u>, <u>2019</u> by the Orphans'

Court for Anne Arundel County, Maryland.

ORDERED that <u>DORIS HUNTER</u> is hereby appointed as Successor Personal

Representative.

_____
Chief Judge

_____
Associate Judge

_____
Associate Judge



# STATE OF MARYLAND
# LETTERS OF ADMINISTRATION
# OF A SMALL ESTATE

### Estate No. 98069

I certify that administration of the Estate of

DANIEL  HOWARD

was granted on the _____25th_____ day of _____JULY, 2019_____

to DORIS  HUNTER  (SUCCESSOR)

as personal representative(s) and the appointment is in effect

this _____25th_____ day of _JULY, 2019_

☐  Will probated _____
                          (date)

☑  Intestate estate

☐  Unprobated Will - Probate Not Required

*Lauren M. Parker*

LAUREN M. PARKER
Register of Wills for

ANNE ARUNDEL

VALID, ONLY IF SEALED WITH THE SEAL OF THE COURT OR THE REGISTER

RW1107

ROWNET
11/2009